EISENBERG & BAUM, LLP
ATTORNEYS FOR PLAINTIFF
24 UNION SQUARE EAST
NEW YORK, NY 10003
(212) 353-8700

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------------------------

|  |  |
|---|---|
| GINA CIRRINCIONE, | |
| Plaintiff, | |
| v. | |
| TACO BELL CORPORATION, SUMMERWOOD CORPORATION, and NEWCO SERVICES COMPANY, LLC, | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

-------------------------------------------------------------

Plaintiff, GINA CIRRINCIONE, by and through her undersigned counsel, EISENBERG & BAUM, LLP, for her Complaint against Defendants, TACO BELL CORPORATION, SUMMERWOOD CORPORATION, and NEWCO SERVICES COMPANY, LLC, hereby alleges as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff Gina Cirrincione is a deaf individual who communicates primarily in American Sign Language ("ASL"), which is her expressed, preferred, and most effective means of communication. Plaintiff was refused service and treated rudely by Taco Bell employees because of her disability when she attempted to order food from two Taco Bell locations in New

Jersey. Through this discriminatory treatment, Plaintiff learned not only that Taco Bell restaurants are inaccessible to deaf individuals, but that Taco Bell employees and managers are inadequately trained and improperly informed  about the communication rights and needs of deaf people.

2.      Plaintiff brings this action to compel Defendants to cease unlawful discriminatory practices and implement policies and procedures that will ensure effective communication, full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendants' restaurant services. Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory and punitive damages; and attorneys' fees and costs to redress Defendants' unlawful discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq.; and the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, et seq.

## THE PARTIES

3.      Plaintiff GINA CIRRINCIONE brings this action and is an individual residing in Atlantic City, New Jersey. Gina Cirrincione is a profoundly deaf individual who primarily communicates in American Sign Language, and she is substantially limited in the major life activities of hearing and speaking within the meaning of federal and state anti-discrimination laws.

4.      Defendant, TACO BELL CORPORATION, is a California corporation that has been licensed and doing business in New Jersey as the fast-food purveyor Taco Bell. Defendant owns, leases, and/or operates Defendants SUMMERWOOD CORPORATION and NEWCO SERVICES COMPANY, LLC and exercises actual control over their day-to-day operations. Defendant is a public accommodation under federal and state antidiscrimination laws and is subject to the requirements thereof.

5.      Defendant NEWCO SERVICES COMPANY, LLC ("Pleasantville Taco Bell") is a New Jersey limited liability company that owns, leases, and/or operates a Taco Bell restaurant

located at 712 Black Horse Pike, Pleasantville, New Jersey 08232. Defendant is a public accommodation under federal and state antidiscrimination laws and is subject to the requirements thereof.

6.      Defendant SUMMERWOOD CORPORATION ("Atlantic City Taco Bell") is a New Jersey corporation that owns, leases, and/or operates a Taco Bell store located at 1501 Atlantic Avenue, Atlantic City, New Jersey 08401. Defendant is a public accommodation under federal and state antidiscrimination laws and is subject to the requirements thereof.

## JURISDICTION & VENUE

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under federal law, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for Plaintiff's claims arising under state law.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants have sufficient contacts with this District to subject them to personal jurisdiction at the time this action is commenced, and the acts and omissions giving rise to this Complaint occurred within this District.

## STATEMENT OF FACTS

9.      Plaintiff is a profoundly deaf individual whose first and primary language is American Sign Language, in which she communicates fluently.

10.      Due to her disability, Plaintiff's ability to communicate in English is limited.

11.      On January 11, 2016, Plaintiff attempted to utilize the drive-through of the Pleasantville Taco Bell. She wrote her order on a piece of paper, which she handed to the drive-through employee at the window.

12.      Rather than accommodate Plaintiff's disability and allow her to place a drive-through order in this way, the Taco Bell store manager (upon information and believe, named

"Steve") appeared at the drive-through window and berated Plaintiff for utilizing the drive through and for placing her order at the "pick-up" window.

13.     Although the store manager eventually decided to process Plaintiff's food order, he informed her that in the future, she would not be served unless she parked and entered the store, because her use of the drive-through interfered with the desired flow of business.

14.     On March 15, 2016, Plaintiff attempted to utilize the drive-through of the Atlantic City Taco Bell. She wrote her order on a piece of paper, which she handed to the drive-through employee at the window.

15.     After some time, the note was slipped back through the drive-through window, and the window was shut.

16.     Plaintiff's order was not processed, and not one Taco Bell employee communicated with Plaintiff in any way, leaving Plaintiff humiliated, frustrated, and confused.

17.     Thereafter, Plaintiff parked her car and entered the store on foot. She attempted to get the attention of the employees therein, but each and every one of them simply ignored her. She left without being served.

18.     Based on the incidents described above, Defendants refuse to serve deaf individuals in the same manner in which they serve hearing (i.e., non-deaf) individuals.

19.     Taco Bell's drive-through ordering system, which requires a customer to utilize hearing and speaking, is inaccessible to deaf individuals. Based on the incidents described above, Defendants offer no accessible or alternative means for deaf individuals, including Plaintiff, to utilize the drive-through in a manner equal to the service offered to hearing (i.e., non-deaf) individuals.

20.     Defendants' conduct caused Plaintiff to be denied the full and equal enjoyment of

4

Defendants' goods, services, facilities, privileges, advantages, and/or accommodations.

21.     Defendants' discriminatory conduct caused Plaintiff to suffer emotional distress, including humiliation and frustration.

## CLAIM 1: VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

22.     Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

23.     At all times relevant to this action, Title III of the ADA, 42 U.S.C. § 12181, et seq., has been in full force and effect and has applied to Defendants' conduct.

24.     At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, have been in full force and effect and have applied to Defendants' conduct.

25.     At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of hearing and speaking, and is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

26.     Defendants own, lease, and/or operate a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7)(D).

27.     Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

28.     Title III of the ADA further provides that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to

5

participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that

is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii)

29.     Title III of the ADA further defines discrimination to include "a failure to take such

steps as may be necessary to ensure that no individual with a disability is excluded, denied services,

segregated or otherwise treated differently than other individuals because of the absence of

auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii).

30.     Title III of the ADA further defines discrimination to include "a failure to remove

architectural barriers, and communication barriers that are structural in nature, in existing

facilities . . . where such removal is readily achievable," or "where an entity can demonstrate that

the removal of a barrier . . . is not readily achievable a failure to make such goods, services,

facilities, privileges, advantages, or accommodations available through alternative methods if such

methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv–v).

31.     Federal regulations implementing Title III of the ADA provide that "[a] public

accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure

effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c).

32.     Defendants discriminated against Plaintiff on the basis of disability, in violation of

Title III of the ADA and its implementing regulations, as set forth above.

33.     Plaintiff is therefore entitled to injunctive relief, as well as an award of attorneys'

fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1).

## CLAIM 2: VIOLATIONS OF THE NEW JERSEY LAW AGAINST DISCRIMINATION

34.     Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

35.     At all times relevant to this action, the New Jersey Law Against Discrimination

(NJLAD), N.J.S.A. §§ 10:5-1, et seq., has been in full force and effect and has applied to the

Defendants' conduct.

36. At all times relevant to this action, Plaintiff has been a person with a disability within the meaning of N.J.S.A. §§ 10:5-5(q) and 10:5-5(w).

37. At all times relevant to this action, Defendants' restaurants have been places of public accommodation within the meaning of N.J.S.A. § 10:5-5(l).

38. Pursuant to N.J.S.A. § 10:5-12(f)(1), it shall be unlawful discrimination "for any owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation directly or indirectly to refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof, or to discriminate against any person in the furnishing thereof . . . on account of . . . disability."

39. Plaintiff is an aggrieved person within the meaning of N.J.S.A. § 10:5-13, which extends relief to "any person claiming to be aggrieved" by the discrimination of a person on the basis of disability.

40. Defendants discriminated against Plaintiff on the basis of her disability in violation of the NJLAD, as set forth above.

41. Plaintiff is therefore entitled to injunctive relief, as well as compensatory damages for the injuries she sustained as a result of Defendant's discriminatory conduct as hereinbefore alleged, pursuant to N.J.S.A. § 10:5-13.

42. Plaintiff is further entitled to an award of punitive damages to deter Defendants' discriminatory conduct as hereinbefore alleged, pursuant to N.J.S.A. § 10:5-13.

43. Plaintiff is further entitled to an award of attorney's fees, costs, and disbursements pursuant to N.J.S.A. § 10:5-27.1.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

a.    Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants have subjected Plaintiff to unlawful discrimination in violation of Title III of the Americans with Disabilities Act and the New Jersey Law Against Discrimination;

b.    Enjoin Defendants from implementing or enforcing any policy, procedure, or practice that discriminates against deaf and hard-of-hearing individuals;

c.    Order Defendants:

  i.    to develop, implement, promulgate, and comply with a policy prohibiting future discrimination against Plaintiff or other deaf or hard of hearing individuals by failing to provide effective communication;

  ii.    to develop, implement, promulgate, and comply with a policy to ensure that Defendants will consider the communication needs of deaf individuals who seek Defendants' goods and/or services and will affirmatively work with deaf individuals to provide effective auxiliary aids and services to make their services accessible;

  iii.    to train all its employees, staff, and other agents on a regular basis about the rights of individuals who are deaf or hard of hearing under the ADA and the New Jersey Law Against Discrimination;

d.  Award to Plaintiff:

  i.    Compensatory damages pursuant to the NJLAD;

  ii.    Punitive damages pursuant to the NJLAD;

  iii.    Reasonable costs and attorneys' fees pursuant to the ADA and the NJLAD;

iv.    Interest on all amounts at the highest rates and from the earliest dates allowed

by law;

v.    Any and all other relief that this Court finds necessary and appropriate.

<h2 style="text-align:center">JURY DEMAND</h2>

Plaintiff demands trial by jury for all of the issues a jury properly may decide, and for all

of the requested relief that a jury may award.

Respectfully submitted,

EISENBERG & BAUM, LLP

By: s/ Andrew Rozynski, Esq.

Andrew Rozynski, Esq.
Eric Baum, Esq.
24 Union Square East, Fourth Floor
New York, NY 10003
Phone: (212) 353-8700
Fax: (212) 353-1708
arozynski@eandblaw.com
ebaum@eandblaw.com

*Attorneys for Plaintiff Gina Cirrincione*

JS 44   (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1  U.S. Government Plaintiff

❏ 2  U.S. Government Defendant

❏ 3  Federal Question
*(U.S. Government Not a Party)*

❏ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability    Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 367 Health Care/ | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 320 Assault, Libel & Slander   Pharmaceutical Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' Liability   Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 368 Asbestos Personal Injury Product Liability ❏ 340 Marine | | ❏ 840 Trademark | ❏ 460 Deportation ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 345 Marine Product Liability   **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 350 Motor Vehicle ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 355 Motor Vehicle Product Liability ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal Injury ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | ❏ 362 Personal Injury - ❏ 385 Property Damage | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | Medical Malpractice   Product Liability | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights   **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other   **Other:** ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education ❏ 550 Civil Rights | ❏ 465 Other Immigration Actions | | |
| | ❏ 555 Prison Condition | | | |
| | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1 Original Proceeding
❏ 2 Removed from State Court
❏ 3 Remanded from Appellate Court
❏ 4 Reinstated or Reopened
❏ 5 Transferred from Another District *(specify)*
❏ 6 Multidistrict Litigation - Transfer
❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.